**In re Richard A. SMELTZER, a/k/a Rick Smeltzer a/k/a Richard Smeltzer, and Lee M. Smeltzer, a/k/a Lee Smeltzer, Debtors.**

**Bankruptcy No. EF11–82–02038.**

United States Bankruptcy Court, W.D. Wisconsin.

Feb. 6, 1985.

Thornton, Black, Wachowski & Grosskopf, S.C., Eau Claire, Wis., for Farm Supply Co–op.

Adler & LaFave, Eau Claire, Wis., for Production Ass'n of Chippewa Falls.

Terrence R. Spaeth, Herrick, Hart, Duchemin, Danielson & Guettinger, S.C., Eau Claire, Wis., for debtor Richard A. Smeltzer.

Brent D. Skinner, Menomonie, Wis., for debtor Lee M. Smeltzer.

Peter F. Herrell, Jordan, Herrell & Thiel, Eau Claire, Wis., for trustee Rodney Smeltzer.

Steven R. Cray, Wiley, Rasmus, Colbert, Frasch, Norseng & Cray, Chippewa Falls, Wis., for The Federal Land Bank of St. Paul.

C.M. Meisner, Menomonie, Wis., for Loren Kottke.

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDERS DENYING CONFIRMATION OF PLANS

WILLIAM H. FRAWLEY, Bankruptcy Judge.

Farm Supply Cooperative (hereinafter FSC), by Thornton, Black, Wachowski & Grosskopf, S.C., and Production Association of Chippewa Falls (hereinafter PCA), by Adler and LaFave, having filed a plan of reorganization; and Trustee Rodney Smelt-

zer, by Jordan, Herrell & Thiel, having filed a plan of reorganization; and FSC and PCA objecting to the Trustee's plan; and the Trustee objecting to the FSC/PCA plan; and the plans coming on for confirmation; and Debtor Richard A. Smeltzer appearing in person and by Attorney Terrence R. Spaeth; and Debtor Lee M. Smeltzer appearing in person and by Attorney Brent D. Skinner; and the Trustee appearing in person and by Attorney Peter F. Herrell; and FSC appearing by Attorney Peter E. Grosskopf; and PCA appearing by Attorney Eugene J. La Fave; and The Federal Land Bank of St. Paul appearing by Attorney Steven R. Cray; and Loren Kottke appearing by Attorney C.M. Meisner; and briefs having been filed; the Court, being fully advised in the premises, FINDS THAT:

1. On November 18, 1982, Debtors Lee M. and Richard A. Smeltzer filed a petition for relief under Chapter 11 of the Bankruptcy Code. The Debtors' statement of financial affairs reveals that, at the time the petition was filed, Mr. Smeltzer was a semi-driver and farmer and Ms. Smeltzer was a homemaker.

2. The Debtors are parties to a divorce proceeding which was commenced prior to this bankruptcy proceeding and has not been concluded.

3. On January 24, 1983, the Debtors filed an amended application for the appointment of Rodney Smeltzer, Richard's brother, as Trustee of the above captioned bankruptcy estate.

4. On February 22, 1983, the Debtors' application was granted. Since that time, Rodney Smeltzer, as Trustee, has managed the Debtors' farming operations.

5. On October 2, 1984, Farm Supply Cooperative (hereinafter FSC) and Production Credit Association of Chippewa Falls (hereinafter PCA) filed a proposed plan reorganization. FSC & PCA summarize their plan as follows:

The creditors plan is filed with the court and reference should be made directly to it. The plan is based upon the creditors belief that the debtors cannot continue its business under any circumstances, and that a turnover of property to the secured creditors is the most efficient and equitable resolution of the matter.

The plan provides for a turnover of all of the debtors secured property to the secured creditors.[1] The plan also provides for a turnover of the Trustee's earnings and profits to the debtors' creditors.

All claims may be impaired because of the nature of the plan. In proposing the plan, an attempt has been made to treat all creditors fairly and equitably, while at the same time recognizing the rights of the debtors.

Proposed Disclosure Statement, Article VI (filed Oct. 2, 1984). "In addition to the real estate [which is secured property], there remains a certain amount of farm machinery and other personal property. The security in all of this personal property is held by [PCA]." *Id.* at Article II. The FSC–PCA plan provides for the payment of priority claims, then real estate taxes and, finally, all other allowed claims from a fund consisting of $10,000 (to be paid to the Trustee by PCA for all right and interest to the Debtors' 1984 farm income) "plus any other sums of money held by the trustee", Chapter 11 Plan, Article III (filed Oct. 2, 1984); FSC & PCA do not estimate the amount of priority claims, estimate real estate taxes of $15,000, estimate unsecured claims in excess of $777,000 and do not estimate the size of the Trustee's fund. No provision is made for any property to be retained by the Debtors.

6. On October 26, 1984, the Trustee filed a proposed plan of reorganization. The Trustee plan provides for conveyance of certain secured property to secured creditors, retention of liens by certain secured

---

1. It appears that "secured creditors" is limited to commercial lenders—no property subject to a real estate tax lien is to be turned over to county taxing authorities. This debt is to be paid out of the fund described later in the text.

creditors, conveyance of certain real and personal property to the debtors and conveyance of the remaining property to unsecured creditors on a pro rata basis. The plan expressly provides for two classes of secured claimants to receive property and to share in the distribution to unsecured creditors, Proposed Plan of Reorganization Article III, 3.1 and 3.8 (filed Oct. 26, 1984), and for one class (FSC) to receive property and not share in said distribution, *id.* at 3.4. The plan also provides for one class (PCA) to receive a mortgage to the value of its security, with no express provision for payment or non-payment on account of any unsecured portion of its claim. (There have been no 11 U.S.C. sec. 506 determinations in this proceeding regarding the extent to which secured claimants are unsecured.)

7. Both plans have been accepted by at least one class of impaired, non-insider claimants.

## Discussion

8. A plan of reorganization may be confirmed only upon an affirmative showing that the requirements of 11 U.S.C. sec. 1129(a) & (b) are met. *See* Fed.R.Bankr.P. 3020(b)(2) (only compliance with sec. 1129(a)(3) requirement may be shown without presenting evidence).

9. Because the FSC–PCA plan does not protect the Debtors' exemptions as provided in 11 U.S.C. sec. 1123(c), it does not meet the requirements of section 1129(a)(1) (compliance with Chapter 11 of the Bankruptcy Code). Accordingly, this Court need not determine whether the plan meets the section 1129 requirements in other respects (for example, if the Debtors are farmers, *but see* Paragraphs 1 & 4 *supra.*, the FSC–PCA plan is a prohibited involuntary liquidation of a farmer, *In re Zarovy*, EF11–83–417 (Bank.W.D.Wis. Feb. 9, 1984), *In re Lange*, 39 B.R. 483, 11 B.C.D. 1031 (Bankr.D.Kan.1984)).

10. Because the Trustee plan does not provide for all arguably partially-secured creditors to share in the distribution to unsecured creditors, it is discriminatory as to FSC and PCA and can not be crammed down under the provisions of 1129(b).

## CONCLUSIONS OF LAW

1. The FSC–PCA plan can not be confirmed.

2. The Trustee plan can not be confirmed.

## ORDER

IT IS ORDERED THAT the plan of reorganization filed in the above captioned bankruptcy proceeding by Farm Supply Cooperative and Production Credit Association of Chippewa Falls be, and the same hereby is, DENIED confirmation.

IT IS FURTHER ORDERED THAT the plan of reorganization filed in the above captioned bankruptcy proceeding by Trustee Rodney Smeltzer be, and the same hereby is, DENIED confirmation.